# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

THOMAS EARL KING,

       Petitioner,      :     Case No. 1:15-cv-583

- vs -                     District Judge Timothy S. Black
                              Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN,
 North Central Correctional Institution,

                                      :

       Respondent.

## REPORT AND RECOMMENDATION

This is a habeas corpus case brought with the assistance of counsel by Petitioner Thomas King to obtain relief from his conviction in the Butler County Court of Common Pleas on one count of possession of marijuana (Petition, ECF No. 2, PageID 2, ¶ 1). On Magistrate Judge Bowman's Order (ECF No. 4), the Warden has filed the State Court Record (ECF No. 7) and a Return of Writ (ECF No. 8). Judge Bowman set a date for Petitioner to file a reply to the Return, but he has not done so and the time has expired. However, his Memorandum in Support of the Petition anticipates many of the arguments raised by the Warden. The case is accordingly ripe for decision.

King pleads one ground for relief:

> **Ground One:** King was deprived of his Sixth Amendment right to effective assistance of counsel, rendering his guilty plea unknowing and involuntary.

1

(Petition, ECF No. 2, PageID 6.)

**Procedural History**

Mr. King was arrested on March 2, 2012, for possession of a large quantity of marijuana. He was indicted by the Butler County Grand Jury for possession of marijuana in excess of 40,000 grams, a charge carrying a mandatory minimum sentence of eight years imprisonment (State Court Record, ECF No. 7, PageID 131). He filed a motion to suppress his statements to law enforcement on the theory that a substantial portion of his statements were elicited after he invoked his right to counsel. *Id.* at PageID 134, et seq. The motion to suppress was set for hearing the day before trial. On the day of the hearing, December 17, 2012, he agreed to withdraw his not guilty plea and plead guilty to the lesser charge of possessing more than 20,000 grams of marijuana, an offense carrying a mandatory minimum sentence of five years, which is the sentence that was imposed (Plea of Guilty & Jury Waiver, State Court Record, ECF No. 7, PageID 138, et seq.)

King took no direct appeal, but filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 on August 29, 2013. *Id.* at PageID 148, et seq. The Common Pleas Court denied the petition, without an evidentiary hearing, both originally (*Id.* at PageID 165) and on remand for findings of fact and conclusion of law. *Id.* at PageID 283, et seq. The Twelfth District Court of Appeals affirmed. *State v. King*, 2014-Ohio-5393, 2014 Ohio App. LEXIS 5229 (12th Dist. Dec. 8, 2014)(hereafter "*State v. King*"). The Ohio Supreme Court declined to accept jurisdiction. *State v. King*, 142 Ohio St. 3d 1518 (2015). King filed this

timely[1] habeas corpus petition on September 10, 2015.

# Analysis

King's sole ground for relief is that he received ineffective assistance of trial counsel, rendering his guilty plea unknowing and involuntary. He asserts a number of deficiencies in his attorney's performance:

> King's trial counsel rendered ineffective assistance because 1) he failed to investigate the case, interview witnesses, prepare for trial, or properly advise King of the strength of the State's case against him; 2) he scared and pressured King into pleading guilty; and 3) he failed to follow through with a meritorious motion to suppress King's alleged confession.

(Memo in Support, ECF No. 2-1, PageID 23.) King raised the same claims in his Petition for Post-Conviction Relief (Petition, State Court Record, ECF No. 7, PageID 154). On appeal from denial of the Petition, King raised a single assignment of error: "The trial court erred by denying Defendant's petition for post-conviction relief without an evidentiary hearing." *Id.* at PageID 222. However he presented as an issue for review his claim that he was deprived of effective assistance of trial counsel and reiterated the same subclaims he raises here. *Id.* at PageID 230.

The Twelfth District began its discussion of the ineffective assistance of trial counsel claim by citing the controlling constitutional standard. *State v. King*, ¶ 15, *citing Strickland v. Washington*, 466 U.S. 668 (1984).

---

[1] The Warden does not contest the timeliness of the Petition.

**Sub-claim One: Failure to Prepare for Trial**

As to the sub-claim that the trial attorney was not prepared for trial, the Twelfth District found that claim barred by Ohio's criminal res judicata doctrine because it could have been raised on direct appeal but was not. *Id.* at ¶¶16-19.

The Warden relies on this procedural default – failure to file a direct appeal – as a bar to King's habeas claims. Although King did not file a Reply, he anticipated this argument in his Petition. He asserts this Court cannot know that his default was enforced against him because "[t]he trial court did not mention any independent state law ground" . . . and

> The Ohio Supreme Court simply did not accept jurisdiction, and therefore, it cannot be determined if the Ohio Supreme Court, as the last court where King presented his federal claim, relied on federal grounds or a state procedural ground when denying jurisdiction.

(Memo in Support, ECF No. 2-1, PageID 29.)

The correct procedural default analysis, however, does not look at either the trial court decision or the unexplained refusal to exercise jurisdiction of a supreme court. Where there has been one reasoned state court judgment rejecting a federal claim, there is a rebuttable presumption that later unexplained orders upholding the judgment or rejecting the same claim rest on the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). The district court must look at the last state court disposition providing reasons for the decision. *Joseph v. Coyle*, 469 F.3d 441, 450 (6th Cir. 2006); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). A state court's noncommittal denial of review is not controlling. *McBee v. Abramajyts*, 929 F. 2d 264, 267 (6th Cir. 1991). In rejecting this sub-claim, the Twelfth District clearly relied on res judicata.

Ohio's doctrine of res judicata in criminal cases, enunciated in *State v. Perry*, 10 Ohio St.

4

2d 175 (1967), is an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

**Failure to Advise King of the Weakness of the Case Against Him**

King also asserts he was provided ineffective assistance of trial counsel in the plea bargaining process because his trial attorney did not properly advise him of the strengths and weaknesses of the case against him. In particular, he claims his attorney should have told him that Gamble, the man from whom he accepted delivery of the marijuana in suit, was refusing to testify against him.

The Twelfth District also rejected this sub-claim on res judicata grounds. It held:

> **[*P22]** At first blush, based on the alleged timing of King's knowledge regarding Gamble's lack of cooperation, this evidence appears to be evidence outside of the record at the time of a direct appeal, and therefore would fall under the exception to the *res judicata* bar. However, we find that King and his wife's affidavits are insufficient to meet the exception. Although King claims he was unaware of Gamble's refusal to cooperate, it is clear that King knew of him and that he could be a potential witness against him. Accordingly, as the information King now relies upon was clearly in existence and readily available to him, any claim that his trial counsel was ineffective relating to Gamble's potential testimony, could have been and should have been raised on direct appeal. This claim is therefore also barred by the doctrine of *res judicata*. *Wagers* at ¶ 10.

*State v. King*, supra.

King argues he could not have raised this claim on direct appeal because it depends on evidence outside the record:

> In fact, King's claim required three pieces of critical evidence outside the original record: 1) the Gamble sentencing memorandum, which was filed [in federal court in Gamble's case] almost a month after King was sentenced, 2) the affidavits of King and his wife which were signed almost seven months after King was sentenced, and 3) the recording of King's statement, which was never filed as part of the record because King never had a suppression hearing. It naturally follows that the affidavits attesting to the fact that they were not apprised of Gambles refusal to cooperate would fall outside the record because that knowledge did not exist during plea negotiations.

(Memo in Support, ECF No. 2-1, PageID 30.)

The Twelfth District offered an alternative merits analysis of this sub-claim:

> [*P23] Even if res judicata did not apply, King's claim that Gamble refused to testify against him is not supported by the record. The only evidence submitted in support of King's claim was King's and Shawndra's statements in their affidavits. As to King's affidavit, we find that this self-serving affidavit was insufficient to trigger the right to a hearing. *Isbell*, 2004-Ohio-2300 at ¶ 14 ("in general, self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21"). In addition, Shawndra's affidavit is mostly based on information provided by King and not based on her own observations or discussions with trial counsel. *Compare State v. Smith*, 1st Dist. Hamilton No. C-070624, 2008-Ohio-3789 (finding trial court erred in failing to conduct an evidentiary hearing on a petition for postconviction relief for ineffective assistance of counsel where the record bolstered the claims asserted by defendant and his grandmother in their affidavits).
>
> [*P24] Additionally, the record does not bolster or support King and Shawndra's conclusion that Gamble's refusal to cooperate with the government meant that he also refused to testify against King. The government's sentencing memorandum in Gamble's case only suggests that Gamble had not been forthcoming with some unspecified information. It is pure speculation on the part of King and Shawndra that simply because Gamble was uncooperative in

6

> his own case that he would also be uncooperative and refuse to testify in King's case. Conjecture built upon insufficiently supported speculation does not establish substantive grounds entitling a defendant to postconviction relief." *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 24, quoting *State v. English*, 9th Dist. Lorain No. 99CA007408, 2000 Ohio App. LEXIS 848, 2000 WL 254912, *4 (Mar. 8, 2000). Therefore, it remained unclear whether Gamble would have provided testimony against King.
>
> [*P25] Moreover, from the state's discovery response, it is clear that Gamble was not the only witness the state intended to call in the case against King. Rather, several law enforcement officers who were present and participated in the control delivery were to testify against King.

*State v. King*, *supra*.  The Twelfth District's factual basis for these conclusions is strong.  The Government's Sentencing Memorandum in Gamble's case advises the Court that he has not been sufficiently cooperative to merit a substantial assistance adjustment to his Sentencing Guideline range.  It does not say that he had refused to testify against King.  What it actually says is

> In this case, over the course of several opportunities, this defendant failed to provide information to the Government,  On more than one occasion, agents were forced to ferret out information themselves, following which the defendant was provided opportunities to explain his failure to be forthcoming.  On each occasion, the defendant has no explanation for his lack of candor.

(Government's Sentencing Memorandum in United States v. Gamble, Case No. 1:12-cr-031, copy at ECF No. 2-2, PageID 81-82.)  This is not a description of Gamble's behavior which would include refusal to testify against King.  What King had done was already known to the Government.  Yet this is the only source that King gives for Gamble's supposed refusal to testify.

Moreover, as a co-offender with King in the possession and delivery of a large quantity of marijuana, Gamble would not have been the most credible witness to King's jury.  More

7

credible, and certainly sufficient, would have been the law enforcement personnel who were eyewitnesses to this controlled delivery.

King's own affidavit adds little. In particular, he provides no foundation for his claim that Gamble was refusing to testify against him, merely saying that he "later found out" that was the case (Affidavit, ECF No. 2-2, PageID 86). Shawndra King, Petitioner's wife, also signed an affidavit which avers that she found out Gamble was refusing to cooperate when she "attended his sentencing hearing [in federal court] on April 10, 2013." *Id.* at PageID 88.

The Gamble Sentencing Memorandum was certainly not part of the state court record in King's case so that its significance could not have been argued on appeal. The Twelfth District's conclusion that King could have known about it in time to incorporate it in the record for appeal is also not based on a reasonable determination of the facts because it did not exist until February 26, 2013 (see PageID 84). But the content of the Memorandum does not support the claim that Gamble was refusing, as of December 18, 2012, to testify against King. Trial counsel Richard Goldberg therefore did not provide ineffective assistance of trial counsel in failing to advise King that the case against him was weak because of the possibility Gamble would not testify.

King also notes that the recording of his confession was not part of the state court record because no suppression hearing was held. However, King knew what the content of the recording was at the time he decided to plead guilty and forego the suppression hearing. He knew that he had made several incriminating statements before invoking his right to counsel. He also knew there were Government eyewitnesses to his taking possession of the very large quantity of marijuana, so the Government did not need his admissions to convict him. In sum, he has not shown that Mr. Goldberg's purported advice that the case against him was strong was deficient performance on Goldberg's part because the case was strong. The Twelfth District's

analysis of this sub-claim is neither contrary to nor an objectively unreasonable application of *Strickland*.

**Scaring and Pressuring King into Pleading Guilty**

In his third sub-claim, King alleges Mr. Goldberg provided ineffective assistance of trial counsel by scaring and pressuring him into pleading guilty.  The Twelfth District considered this claim and decided it as follows:

> [*P27]  King next alleges that his trial counsel was ineffective as counsel "scared and pressured" him into pleading guilty. In support of his claim, King points to his affidavit in which he averred that trial counsel scarred and pressured him into taking the plea agreement by telling him that the state was going to use "the tape recordings, cars that were seized, and a gun found at my house to paint a picture of me being some kind of big kingpin." After reviewing the record, we find that King's self-serving affidavit is insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21. See *Isbell* at ¶ 14; see also *State v. Kapper*, 5 Ohio St.3d 36, 38, 5 Ohio B. 94, 448 N.E.2d 823 (1983). Furthermore, the record from the plea hearing reveals that King told the court that no one was forcing him or threatening him into entering the guilty plea. There is no evidence or indication in the record which contradicts King's statements made during the plea hearing.
>
> [*P28]  Accordingly, the trial court did not err in denying King's petition for postconviction relief without holding an evidentiary hearing on his claims that trial counsel pressured him into pleading guilty.

*State v. King*, *supra*.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151

9

(6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes*, 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970). Where a court conducts an appropriate plea colloquy, a defendant is bound by the admissions he makes during that proceeding. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976). King does not claim any deficiency in the process for taking his plea and, in any event, such a claim would be required to be raised on direct appeal.

Denial of this sub-claim is also neither contrary to nor an objectively unreasonable application of *Strickland*.

**Failure to Follow Through on the Motion to Suppress**

King's last sub-claim is that Mr. Goldberg should have carried through with the motion to suppress. The claim is not that Goldberg failed to file a motion. Indeed, the motion was set for hearing on December 17, 2012, and only aborted when the decision to plead guilty obviated any need for the hearing.

The Twelfth District decided this sub-claim was barred by res judicata, but also made an

alternative merits analysis:

> **[*P33]** However, after reviewing the recorded interview, it is clear that prior to referencing talking to an attorney, King made several incriminating statements, such as admitting that he helped Gamble unload "it" and that he expected to receive some of "it" in return. He also stated he was only "small time." These statements corroborated the state's evidence, such as the DEA investigation report which, among other things, indicated that Gamble had several duffel bags of marijuana. Even if we assume that King's statement, "I just need to talk to my lawyer," was an unequivocal request for an attorney and therefore any statements made *after* the request should have been suppressed, the record indicates that these later incriminating statements were merely cumulative to King's prior admissions and statements. As these prior statements by King would have been admissible and otherwise corroborated the state's case, we find that King failed to prove he was prejudiced by counsel's failure to pursue a motion to suppress.

*State v. King*, supra.

Here again the Twelfth District's opinion has a strong factual basis. King's statements before he invoked his right to counsel were incriminating and admissible. And even if the remainder of the recording had been suppressed, it is unlikely that would have prevented a conviction; there was all that marijuana and several Government eyewitnesses, even if Gamble did not testify and King's post-invocation admissions were suppressed.

**Conclusion**

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685,

11

693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

The Twelfth District's merits analysis in this case is neither contrary to nor an objectively unreasonable application of *Strickland*. Its res judicata analysis of the first sub-claim recognizes a state procedural bar frequently upheld by the federal courts.

Therefore, the Magistrate Judge respectfully recommends the Petition herein be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 12, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).